MULCAHY LAW FIRM, P.C.
3001 E. CAMELBACK ROAD, SUITE 130
PHOENIX, ARIZONA 85016
(602) 241-1093 PHONE / (602) 264-4663 FAX
E-MAIL: BMULCAHY@MULCAHYLAW.NET

BETH MULCAHY #017005
ERIN E. MCMANIS #026310
CHARLENE CRUZ #026692
MAUREEN CONNOLLY #030194
ATTORNEYS FOR MOVANT

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: <br><br> Brooks Joel Eden and Natalie Jean Eden. <br> Debtor. | Case # 3:12-bk-19862-GBN <br><br> Chapter 13 Proceedings |
| Sarah Ann Ranch Homeowners Assoc., <br><br> v. <br><br> Brooks Joel Eden and Natalie Jean Eden. <br> Respondent. | **MOTION TO CONFIRM ABSENCE OF AUTOMATIC STAY TO ENFORCE POST-PETITION LIENS AND OBLIGATIONS WITHOUT VIOLATION OF AUTOMATIC STAY** |

This Motion is filed by Sarah Ann Ranch Homeowners Association ("Sarah Ann Ranch"), through undersigned counsel in the above-captioned Chapter 13 case of Brooks Joel Eden and Natalie Jean Eden ("Debtor"). Pursuant to this Motion, Sarah Ann Ranch requests that the Court enter an Order confirming that the automatic stay of Bankruptcy Code §362(a) does not bar Sarah Ann Ranch from enforcing its rights and remedies in connection with homeowners association fees which have accrued post-petition and have been assessed against certain real property owned by Debtor.

**I.   BACKGROUND**

1.     Debtors Brooks Joel Eden and Natalie Jean Eden are the record owners of Lot 516, Sarah Ann Ranch Unit I, according to Book 812 of Maps, Page 49, and Certificate of Correction recorded at Document No. 2007-0207642 and Document No. 2007-0207645, records of the Office of the County Recorder of Maricopa County, Arizona ("Lot 516").  Lot 516 is subject to the terms and conditions of the Declaration.

2.     Sarah Ann Ranch Homeowners Association, is a non-profit Arizona corporation subject to a Declaration of Covenants, Conditions and Restrictions ("Declaration"), February 21, 2006 in Document No. 2006-0235062, official records of Maricopa County, Arizona.

3.     Pursuant to Article 5, Section 5.1 of the Association's Declaration, each Owner of a Lot, by becoming the Owner thereof, whether or not it is expressed in the deed or other instrument by which the Owner acquired ownership of the Lot, is deemed to covenant and agree to pay to the Association annual Assessments, special Assessments, and any applicable neighborhood Assessment and lot specific Assessments. Each such Assessment, together with interest, costs, and reasonable attorneys' fees, shall also be the personal obligation of the Owner of the Lot at the time when the Assessment became due.

4.     Pursuant to Article 5, Section 5.9 of the Declaration, [a]ny Assessment, or any installment of an Assessment, not paid within 30 days after the Assessment, or the installment of the Assessment, first became due shall have added to it the greater of (i) interest from the due date of the rate at 10% per annum, or (ii) a late charge of $15.00.

Any amounts paid by a Member shall be applied first to late charges or interest and then to unpaid principal.

5.  Debtor in acquiring her Lot within Sarah Ann Ranch, took said Lot subject to the foregoing provisions of the Declaration and consented thereto making said lien a consenual lien. Debtor failed and refused to pay valid charges and delinquent assesssments.

6.  Debtor filed a voluntary petition under Chapter 13 of the Bankutcy Code on September 5, 2012 ("Petition Date")

7.  To date, the Debtors have accrued a post-petition balance owed to the Association in the amount of $2,396.06.

8.  As of the date of this filing, Debtor's total payments made on Lot 516 since Petitin Date total $0.00.

9.  Debtor has failed to pay quarterly assessments, late fees, fines attorney fees and other charges owed to the Association pursuant to the Declaration.

10.  Debtor remains the legal owner of the Lot and a Chapter 13 plan was been confirmed on December 26, 2013.

## II. LEGAL ANALYSIS:

The automatic stay does not prevent Sarah Ann Ranch from enforcing its rights and remedies with respect to HOA Dues, which have been assessed after the Petition Date. The automatic stay only protects against acts to collect or recover pre-petition claims. See Liberty Cmt. Mgmt. v. Hall (In re Hall), 454 B.R. 230, 233 (Bankr. N.D. Ga. 2011). Bankruptcy Code §362(a)(6) provides for a stay of "any act to collect, assess, or

recover a claim against the debtor that arose *before* the commencement of the case under this title." 11 U.S.C. §326(a)(6) (emphasis added).

In In re Hall, a debtor purchased a condominium, which was subject to association assessments. Hall, 454 B.R. at 232. In 2007, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code and a Chapter 13 plan was completed in 2010. Id. Before the plan was completed, however, the debtor received communications from the Association regarding defaults in condominium assessments. Id. The debtor then filed a motion for contempt against the association for violation of the automatic stay. Id. The court held that the association's actions did not violate the stay. Id. The Hall court found that the debtor is not obligated to pay post-petition assessments at the time of filing because they do not exist at the time of filing and the association would not have the right to enforce payment at that time. Id. The court held that post-petition assessments are not claims within the meaning of Bankruptcy Code §101(5) because there is no enforceable obligation at the time of the debtor's filing. Id at 233. Accordingly, the association's attempt to collect post-petition assessments was not an act to collect, assess or recover a claim that arose prior to bankruptcy filing. Id.

Here, the post petition HOA dues have been assessed against the Debtor's property. The post-petition assessments are the personal obligation of the Debtor and are not subject to the automatic stay, which only applies to pre-petition claims. An affirmative covenant to pay homeowners' assessments do not arise from a contractual obligation, but from a function of property ownership. See e.g. Foster v. Double R. Ranch Ass'n (In re Foster), 435 B.R. 650, 658 (B.A.P. 9th Cir. 2010) The Declaration

Case 3:12-bk-19862-DPC   Doc 137   Filed 07/31/14   Entered 07/31/14 09:50:42   Desc
Main Document    Page 4 of 11

does not obligate the Debtor to pay assessments before they are due or for a fixed period of time. The assessments are a property interest that run with the land and become due because of legal ownership, not because of a contractual obligation prior to the Petition Date. See id. As such, the post-petition HOA assessments and other charges are not subject to the automatic stay and are collectible by Sarah Ann Ranch.

**III.      Request for Relief**

**WHEREFORE,** Sarah Ann Ranch respectfully requests the Court to enter an Order granting the following relief:

1.   Confirming that the automatic stay of Bankruptcy Code §362(a) does not bar Sarah Ann Ranch from enforcing its rights and remedies in connection with post-petition homeowners association fees assessed against Debtor's Lot;

2.   Confirming all stays and injunctions in this case, including without limitation the automatic stay of Bankruptcy Code §362(a) do not apply to post-petition homeowners association fees assessed against Debtor's Lot so that Sarah Ann Ranch is entitled to enforce all its rights and remedies in connection with such homeowners association's fees; and

3.   Granting such other and further relief as the Court determines is just and proper under the circumstances of this case

**DATED** this 31 day of July, 2014.

**MULCAHY LAW FIRM, P.C.**

/s/ Charlene Cruz /s/
_____
Charlene Cruz
Attorney for Sarah Ann Ranch Homeowners Association

On 7/31/14, I served the foregoing documents described as **NOTICE OF MOTION FOR ORDER UNDER 11U.S.C. §362(C)(4)(A)(II) CONFIRMING ABSENCE OF AUTOMATIC STAY TO ENFORCE POST-PETITION LIENS AND OBLIGATIONS** on the following individuals by electronic means through the Court's ECF program:

JARED E. HOLLAND
DECKER HOLLAND, PLLC
15 East Cherry Ave., Suite 203
Flagstaff, AZ 86001
Counsel for Debtor

**I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct.**

                **MULCAHY LAW FIRM, P.C.**

                /s/ Charlene Cruz /s/
                _____

On 7/31/14, I served the foregoing documents described as **NOTICE OF MOTION FOR ORDER UNDER 11U.S.C. §362(C)(4)(A)(II) CONFIRMING ABSENCE OF AUTOMATIC STAY TO ENFORCE POST-PETITION LIENS AND OBLIGATIONS** on the following individuals by depositing true copies thereof in the United States mail at Phoenix, Arizona, enclosed in a sealed envelope, with postage paid addressed as follows:

U.S. TRUSTEE
OFFICE OF THE U.S. TRUSTEE
230 NORTH FIRST AVENUE, SUITE 204
PHOENIX, AZ 85003

EDWARD J. MANEY
101 N. FIRST AVE., SUITE 1775
PHOENIX, AZ 85003

JARED E. HOLLAND
DECKER HOLLAND, PLLC
15 East Cherry Ave., Suite 203
Flagstaff, AZ 86001

**I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct.**

                **MULCAHY LAW FIRM, P.C.**
                /s/ Charlene Cruz /s/

Motion for Relief        page 6        Case # 3:12-bk-19862-SSC

Case 3:12-bk-19862-DPC   Doc 137   Filed 07/31/14   Entered 07/31/14 09:50:42   Desc
Main Document    Page 6 of 11

| | |
|---|---|
| MULCAHY LAW FIRM, P.C.<br>3001 E. CAMELBACK ROAD, SUITE 130<br>PHOENIX, ARIZONA 85016<br>(602) 241-1093 PHONE / (602) 264-4663 FAX<br>E-MAIL: BMULCAHY@MULCAHYLAW.NET<br><br>BETH MULCAHY #017005<br>ERIN E. MCMANIS #026310<br>CHARLENE CRUZ #026692<br>MAUREEN CONNOLLY #030194<br>ATTORNEYS FOR MOVANT | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Brooks Joel Eden and Natalie Jean Eden.<br>Debtor.<br><br>Sarah Ann Ranch Homeowners Assoc.,<br><br>v.<br><br>Brooks Joel Eden and Natalie Jean Eden.<br>Respondent. | Case # 3:12-bk-19862-GBN<br><br>Chapter 13 Proceedings<br><br>**NOTICE OF MOTION FOR ORDER UNDER 11U.S.C. §362(C)(4)(A)(II) CONFIRMING ABSENCE OF AUTOMATIC STAY TO ENFORCE POST-PETITION LIENS AND OBLIGATIONS** |

**NOTICE IS GIVEN** that Sarah Ann Ranch Homeowners Association, through undersigned counsel, has filed a motion requesting an order confirming the absence of the automatic stay pursuant to 11 U.S.C. §362(c)(4)(A)(ii).

**FURTHER NOTICE IS GIVEN** that pursuant to Local Bankruptcy Rule 4001-2(c), if no written objection is filed with the Court and a copy served on Movant, whose address is:

Mulcahy Law Firm, P.C.
Charlene Cruz, Esq.
3001. E. Camelback Road, Suite 130
Phoenix, Arizona 85016

**WITHIN FOURTEEN (14) DAYS** of service of the Motion and Notice of Motion, the Court may enter an Order confirming absence of the automatic stay without further hearing or proceeding. Movant's proposed form of Order is attached hereto as Exhibit A.

**DATED** this 31 day of July, 2014.

**MULCAHY LAW FIRM, P.C.**

/s/ Charlene Cruz /s/
_____
Beth Mulcahy
Erin McManis
Charlene Cruz
Maureen Connolly
Attorneys for Arrowhead Ranch Phase II
Homeowners Association

On 7/31/14, I served the foregoing documents described as **NOTICE OF MOTION FOR ORDER UNDER 11U.S.C. §362(C)(4)(A)(II) CONFIRMING ABSENCE OF AUTOMATIC STAY TO ENFORCE POST-PETITION LIENS AND OBLIGATIONS** on the following individuals by electronic means through the Court's ECF program:

JARED E. HOLLAND
DECKER HOLLAND, PLLC
15 East Cherry Ave., Suite 203
Flagstaff, AZ 86001 Counsel for Debtor

**I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct.**

**MULCAHY LAW FIRM, P.C.**

/s/ Charlene Cruz /s/
_____

On 7/31/14, I served the foregoing documents described as **NOTICE OF MOTION FOR ORDER UNDER 11U.S.C. §362(C)(4)(A)(II) CONFIRMING ABSENCE OF AUTOMATIC STAY TO ENFORCE POST-PETITION LIENS AND OBLIGATIONS** on the following individuals by depositing true copies thereof in the United States mail at Phoenix, Arizona, enclosed in a sealed envelope, with postage paid addressed as follows:

| | |
|---|---|
| 1 | U.S. TRUSTEE |
| 2 | OFFICE OF THE U.S. TRUSTEE<br>230 NORTH FIRST AVENUE, SUITE 204<br>PHOENIX, AZ 85003 |
| 3 | |
| 4 | EDWARD J. MANEY<br>101 N. FIRST AVE., SUITE 1775<br>PHOENIX, AZ 85003 |
| 5 | |
| 6 | JARED E. HOLLAND<br>DECKER HOLLAND, PLLC<br>15 East Cherry Ave., Suite 203 |
| 7 | Flagstaff, AZ 86001 |

**I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct.**

                                   **MULCAHY LAW FIRM, P.C.**

                                   /s/ Charlene Cruz /s/
                                   _____

Motion for Relief    page 9    Case # 3:12-bk-19862-SSC

Case 3:12-bk-19862-DPC Doc 137 Filed 07/31/14 Entered 07/31/14 09:50:42 Desc
Main Document Page 9 of 11

MULCAHY LAW FIRM, P.C.
3001 E. CAMELBACK ROAD, SUITE 130
PHOENIX, ARIZONA 85016
(602) 241-1093 PHONE / (602) 264-4663 FAX
E-MAIL: BMULCAHY@MULCAHYLAW.NET

BETH MULCAHY #017005
ERIN E. MCMANIS #026310
CHARLENE CRUZ #026692
MAUREEN CONNOLLY #030194
ATTORNEYS FOR MOVANT

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Brooks Joel Eden and Natalie Jean Eden.<br>Debtor.<br><br>Sarah Ann Ranch Homeowners Assoc.<br><br>v.<br><br>Brooks Joel Eden and Natalie Jean Eden.<br>Respondent. | Case # 3:12-bk-19862-GBN<br><br>Chapter 13 Proceedings<br><br>**[PROPOSED] ORDER CONFIRMING ABSENCE OF AUTOMATIC STAY TO ENFORCE POST-PETITION LIENS AND OBLIGATIONS** |

Sarah Ann Ranch Homeowners Association having filed its Motion for Order under 11 U.S.C. §362(c)(4)(A)(ii) confirming absence of the Automatic Stay with respect to the hereinafter-described property and after the appropriate notice and opportunity for a hearing, no party in interest having objected to such relief, the Respondents having failed to plead or otherwise defend, and good cause appearing.

**IT IS THEREFORE ORDERED THAT**:

1. The Motion shall be, and hereby is, granted in all respects;

2. The Automatic Stay of Bankruptcy Code §362 (a) does not bar Sarah Ann Ranch Homeowners Association from enforcing its rights and remedies in

connection with homeowners association fees that have accrued post-petition and assessed against the Lot;

3. That upon filing of the instant case there was and continues to be no Automatic Stay pursuant to 11 U.S.C. §362(c)(4)(A)(ii) with respect to the property generally described as 17721 W. Voltaire Street, Surprise, AZ 85388.

**IT IS SO ORDERED**.

**SIGNED AND DATED ABOVE**.