Diane Weifenbach (AZ Bar No. 23041)
**LAW OFFICES OF DIANE WEIFENBACH**
5120 E. LaPalma Ave., #209
Anaheim, CA 92807
Ph: (714) 695-6637  Fax: (714) 643-7474
Email: dianew@attylsi.com
Attorney for Movant

File No: 13-10141

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – PRESCOTT DIVISION

| | |
|---|---|
| In re: | Case #: 3:12-bk-19862-GBN |
| BROOKS JOEL EDEN AND NATALIE JEAN EDEN, | Chapter 13 |
| Debtors. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| | Re:   Real Property located at: 3840 North Patterson Boulevard Flagstaff, AZ 86004 |
| U.S. BANK, N.A. AS LEGAL TITLE TRUSTEE FOR TRUMAN 2012 SC2 TITLE TRUST, | |
| Movant, | Honorable George B. Nielsen, Jr. |
| v. | |
| BROOKS JOEL EDEN AND NATALIE JEAN EDEN, Debtors; AND EDWARD J. MANEY, CHAPTER 13 TRUSTEE | |
| Respondents. | |

        U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2012 SC2 TITLE

TRUST, ("Movant") by and through its undersigned counsel, moves this Court for an Order

granting relief from the automatic stay of *11 U.S.C. § 362* and any other limitations against

lien enforcement against the property, rents, issues, and profits of  BROOKS JOEL EDEN

1

and NATALIE JEAN EDEN ("Debtors"); or, in the alternative, conditioning the sale, or lease of such property, rents, issues, or profits as is necessary to provide Movant with adequate protection of its secured interest in certain real property generally described as 3840 North Patterson Blvd., Flagstaff, AZ. This Motion is supported by the following Memorandum of Points and Authorities and Declaration of Cristina Moraga-Peraza filed concurrently herewith.

Movant moves for relief from stay pursuant to *Sections 362(d)(1) and (d)(2)*. Cause exists to grant Movant's Motion for relief from stay because Debtors have failed to tender post-petition mortgage payments to Movant, despite their requirement to do so pursuant to their Chapter 13 Plan. In addition, there is no equity in the Property and the property is not necessary for an effective reorganization. Movant's interest in the Property is not adequately protected and cause exists to grant Movant relief from the automatic stay.

## I.     MEMORANDUM OF POINTS AND AUTHORITIES

### A.     Statement of Facts:

Movant is the current holder of a Fixed Rate Note ("Note"), made executed and delivered by Brooks J. Mefford (a "Debtor") on or about August 4, 2005 in the original sum of $308,000.00 to WELLS FARGO BANK, NA as Beneficiary. The Note is secured by a Deed of Trust of even date recorded as a lien in first position in the Office of the Coconino County Recorder as Document No. 3337408 encumbering the real property located at 3840 North Patterson Blvd., Flagstaff, AZ (the "Property"), legally described as: Lot 58, Skyline Estates, according to the Plat recorded in Case 4, Map 96, and certificate of correction recorded January 8, 1987 in Docket 1136, Page 280, records of Coconino County, Arizona.

2

All beneficial interest under the Note and Deed of Trust were assigned to Movant as evidenced by the Assignment recorded on September 16, 2013 as Instrument No. 3674116, Official Records of Coconino County. The Property is Debtors' principal residence. True and correct copies of the Movant's Note, Deed of Trust and Assignment are attached as Exhibits "1" through "3" to the Declaration of Cristina Moraga-Peraza filed concurrently herewith.

The Debtors filed a Chapter 13 Bankruptcy Petition on September 5, 2012. A hearing re: confirmation of Debtors' Chapter 13 Plan was held on September 30, 2013. The Note requires the Debtos to remit monthly payments to Movant in the current sum of $1,546.85, to pay all taxes incurred by the Property and to procure and maintain hazard insurance. Debtors have defaulted on their obligations due and owing Movant under the Note. Debtors have failed to tender the post-petition mortgage payments for the months of December 1, 2014 and January 1,2015, totaling $3,093.70. A true and correct copy of the post-petition payment history evidencing Debtors' post-petition payments is attached as Exhibit "4" to the Moraga-Peraza Declaration. No foreclosure proceedings have been commenced against the Property.

**B.** **Relief From Stay Is Appropriate Under *Section 362(d)(2)***

*11 U.S.C. Section 362(d)(2)* provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

"… with respect to a stay of an act against property under subsection (a) of this section, if—

the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization."

3

1

**1.**      <u>Lack of Equity in the Property</u>

2

3

Debtors value the Property in their Schedule "A" at $217,000.00 Movant's secured

claim is no less than $268,635.15,and increases monthly. There is no equity in the Property.

4

5

**2.**      <u>The Property Is Not Necessary for An Effective Reorganization</u>

6

The Property is Debtors' principal residence and is not necessary for reorganization.

7

The Property generates no income for the benefit of the Estate. The Debtors have not

8

9

tendered the required mortgage payments despite their requirement to do so. Debtors are due

10

post-petition for the December 1, 2014 and January 1, 2015 mortgage payments. Relief from

11

stay is appropriate under *Section 362(d)(2)*.

12

**C.**      <u>Relief From Stay Should Be Granted Under *Section 362(d)(1)* For Cause</u>

13

**1.**      <u>Failure to Make Post-Petition Mortgage Payments</u>

14

Bankruptcy Code Section *362(d)(1)* provides that a party may seek relief from stay

15

based upon "cause." Cause exists to grant Movant relief from stay because Debtors have

16

17

failed to tender the required post-petition mortgage payments. The Debtors' confirmed Plan

18

provides that Debtors will tender the regular post-petition mortgage payments to Movant, but

19

they have failed to do . Debtors' failure to make post-petition mortgage payments as they

20

become due in a Chapter 13 case constitutes "cause" for relief from the automatic say

21

22

pursuant to 11 USC *Section 362(d)(1)*. ( <u>*In re Ellis*</u>, 60 BR 432, 435 (BAP 9th Cir. 1985)).

23

Therefore, as Debtors have failed and refuse to tender the required post-petition mortgage

24

payments, as required by their Plan and Chapter 13, cause exists to grant Movant relief from

25

stay.

26

*///*

27

*///*

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**2.** <u>**Lack of Adequate Protection**</u>

Pursuant to *Section 362(d)(1)* cause exists to grant relief from stay if Movant's security interest is not adequately protected.   Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note, plus repayment of any and all delinquent amounts owed to Movant, including all attorney's fees and costs incurred in the filing of the Motion.  As set forth above, Debtors have failed to tender the required post-petition mortgage payments.

Movant is informed and believes that the Debtors are presently able, but unwilling, to provide adequate protection to Movant.

In addition, there is no equity in the Property and Movant has an inadequate equity cushion which would protect against any further erosion of Movant's interest in the Property. For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow Movant to enforce its rights and remedies under its Note and Deed of Trust pursuant to *Section 362(d)(1) and (d)(2).*

WHEREFORE, Movant respectfully prays for an Order of this Court:

1.      Terminating the automatic stay of  *11 USC Section 362* as it applies to the enforcement by Movant, its agents, successors and assigns, of all if its rights and remedies in the Property under the Note, Deed of Trust and applicable law, including  but not limited to commencing, continuing and concluding foreclosure proceedings on the Property,  and taking any and all actions necessary to obtain possession of the Property;

2.      That the 14 day stay period proscribed by Bankruptcy Rule 4001(a)(3) be waived;

5

1       3.     Alternatively, that the Court grant Movant adequate protection of Movant's

2  security interest in the Property, requiring Debtors to fully and immediately reinstate

3
4  Movant's loan and maintain current all obligations due under the Note and Deed of Trust, and

5  all liens senior to that of Movant's, including but not limited to property taxes and to pay

6  when due (a) the monthly installments coming due under the Note; (b) tax/insurance

7  obligations; and (c) any sums advanced by Movant on Debtors' behalf in order to protect

8  Movant's security interest in the Property, including all attorney's fees and costs incurred in

9  the filing of this Motion; and

10
11       4.     For such other and further relief as the court deems just and proper.

12

13  DATED:  January 23, 2015               Respectfully submitted,

14                                 LAW OFFICES OF DIANE WEIFENBACH

15
16                                 By:____/s/  Diane V. Weifenbach
                               DIANE V. WEIFENBACH

17                                 Attorneys for Movant U.S. BANK, NA AS
                               LEGAL TITLE TRUSTEE FOR TRUMAN

18                                 2012 SC2 TITLE TRUST

19

20

21

22

23

24

25

26

27

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1    On 1/23/2015, I served the foregoing documents described as MOTION FOR

2    RELIEF FROM THE AUTOTIC STAY on the following individual by electronic means

3    through the Court's ECF program:

4

5    Counsel for Debtors
     Jared E. Holland

6    DECKER HOLLAND, PLLC
     jared.holland@azbar.org

7

8    On 1/23/2015, I served the foregoing documents described as NOTICE OF FILING

9    OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND NOTICE OF

10   REQUIREMENT TO FILE AN ANSWER on the following individuals by depositing true

11   copies thereof in the United States Mail at Anaheim, California enclosed in a sealed

12   envelope, with postage prepaid, addressed as follows:

13

14   Debtors:
     Brooks Joel Eden

15   Natalie Jean Eden
     3840 North Patterson Blvd.

16   Flagstaff, AZ 86004

17

18   Chapter 13 Trustee:
     Edward J Maney

19   101 N. First Ave., Suite 1775
     Phoenix, AZ 85003

20

21   I declare under penalty of perjury that the foregoing is true and correct and that this

22   Declaration was executed this 23rd day of January, 2015 at Anaheim California.

23   /s/ Jodi Miller
     Jodi Miller

24

25

26

27

28

7

MOTION FOR RELIEF FROM THE AUTOMATIC STAY